**IN THE COURT OF APPEALS OF IOWA**

No. 13-0865
Filed May 29, 2014

**ADDISON HAWK,**
　　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　　Respondent-Appellee.
_____

　　　　Appeal from the Iowa District Court for Scott County, Henry W. Latham II,

Judge.


　　　　Applicant-appellant appeals from a ruling and order denying his

application for postconviction relief.　**AFFIRMED.**


　　　　Clayton E. Grueb, Davenport, for appellant.

　　　　Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney

General, Michael J. Walton, County Attorney, for appellee.


　　　　Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

In 2008, Addison Hawk was convicted of kidnapping in the third degree, in violation of Iowa Code sections 710.1 and 710.4 (2007), and sexual abuse in the third degree, in violation of sections 709.1(1) and 709.4(1). The defendant was sentenced to a term of incarceration not to exceed ten years on the kidnapping conviction. The sentence for sexual abuse in the third degree merged with that sentence. Hawk raised two claims of ineffective assistance of counsel on direct appeal, both of which were denied on the merits. *See State v. Hawk*, No. 08-1170, 2009 WL 1218726, at *1 (Iowa Ct. App. May 6, 2009).

In October 2009, Hawk filed an application for postconviction relief. As relevant here, Hawk claimed his trial counsel was ineffective for failing to assert a defense of diminished capacity and failing to seek an independent medical examination. In a thorough and well-reasoned ruling and order, the district court denied Hawk's claims. The district court found Hawk's counsel had, in fact, provided notice of the defense of diminished capacity. Hawk's counsel did not pursue the defense after Hawk's treating physician, the medical records, and counsel's independent determination, based on eleven face-to-face meetings with Hawk, showed the defense was not viable. The district court rejected Hawk's argument that counsel had a further duty to pursue an independent medical examination to confirm or deny the prior determination that no mental health defenses were viable. Applying the correct legal standard set forth in *Strickland v. Washington*, 466 U.S. 668, 694 (1984), the district court concluded Hawk failed to establish trial counsel breached any duty.

The district court's findings are supported by the postconviction record. The district court's conclusions of law are correct. *See Pettes v. State*, 418 N.W.2d 53, 56-57 (Iowa 1988) (holding counsel did not breach a duty and was not ineffective in making strategic decision to not assert defense of diminished capacity where the doctor's report was equivocal). Pursuant to Iowa Court Rule 21.26, the judgment of the district court is affirmed.

**AFFIRMED.**